
FILED
JUN 16 2015
Clerk, U.S. District Court
District Of Montana
Helena

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| In re:<br><br>HARDIN & COMPANY, LTD.,<br><br>　　　　　Debtor. | Bankruptcy Case No. 13-60413 |
| DENNIS HARDIN,<br><br>　　　　　Appellant,<br><br>vs<br><br>JOSEPH V. WOMACK, et al.<br><br>　　　　　Appellee. | No. CV-14-28-BU-SEH<br><br>**MEMORANDUM AND ORDER** |

## BACKGROUND

Debtor, Hardin & Company, Ltd. is a real estate firm, owned by Dennis

Hardin ("Hardin"). Pre-bankruptcy, Hardin listed for sale property of two

veterinarians (Stafford and Longren, together "Veterinarians"). Hardin asserted it marketed the property. The listing expired. The property was later sold. Hardin sued the Veterinarians for a commission from the sale in Montana State Court. The case was dismissed on summary judgment in favor of the Veterinarians. The Veterinarians also were awarded fees by the State Court. No judgment was entered. Hardin then filed Chapter 7 bankruptcy. The Veterinarians filed a claim in bankruptcy for the attorney's fees the State Court had ordered awarded. The Bankruptcy Court on *Rooker-Feldman* grounds declined to review the State Court rulings on summary judgment and allowance of attorney's fees and allowed the claim. This appeal followed.

## JURISDICTION

This Court has appellate jurisdiction under 28 U.S.C. § 158(a).

## ISSUE ON APPEAL

This appeal raises a single dispositive issue: Does Rooker-Feldman preclude review of the State Court summary judgment rulings and decision?

## STANDARD OF REVIEW

The Bankruptcy Court's findings of fact are reviewed for clear error.[1] Its

---

[1] *See In re Pomona Valley Medical Group, Inc.*, 476 F.3d 665, 670 (9th Cir. 2007).

conclusions of law are reviewed de novo.[2] Mixed questions of law and fact are reviewed de novo.[3]

## DISCUSSION

*Rooker-Feldman* precludes a federal court from revisiting a completed state court action.[4] Here, the State Court acted to issue summary judgment: (1) dismissing Hardin's suit seeking to recover the claimed real estate commission; and (2) awarding attorney's fees to the Veterinarians, both before the State Court's capacity to act was stayed by Debtor's petition in bankruptcy.

Filing of the bankruptcy had the effect of ending the state court action after merit decisions were made. The Debtor cannot on one hand file bankruptcy and effectively halt further exercise of jurisdiction by the State Court and at the same time contend that the State Court's proceedings were not completed or ended. The *Rooker-Feldman* doctrine precludes such a "second bite" approach.

## CONCLUSION

The Bankruptcy Court did not err in application of the Rooker-Feldman doctrine under the circumstances of this case. Other issues raised in Hardin's

---

[2] *See In re Rains*, 428 F.3d 893, 900 (9th Cir. 2005).

[3] *See Hernandez v. Pizante*, 186 B.R. 484, 488 (B.A.P. 9th Cir. 1995).

[4] *See Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 284 (2005).

appeal need not be addressed.

## ORDER

Judge Kirscher's Order and Memorandum of Decision of March 10, 2014, are AFFIRMED.[5]

DATED this 16th day of June, 2015.

SAM E. HADDON
United States District Judge

---

[5] *See In re Hardin & Company, Ltd.,* Bankr. Case No. 13-60413-7, Docs. 87 and 88.